IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LANE BRADLEY,

    Plaintiff,

vs.                                                                          No. CIV 99-1149 MV/LFG

PATRICIA J. LOPEZ, DARRICK
SHAW, police officers with the City of
Tucumcari, and AMERICAN
HOMEPATIENT, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint filed May 31, 2000 **[Doc. No. 33]**. Having considered the moving papers, relevant law and being otherwise fully informed, the Court finds that the motion to amend the complaint is not well taken and will be **denied**.

## BACKGROUND

This case arises from the search of Plaintiff Lane Bradley's work area by police officers and his employer's subsequent decision to terminate his employment. According to the Complaint, Bradley was employed by Defendant American HomePatient, Inc. ("AHI") during all relevant times to this action until his termination. Tucumcari Police officers received a confidential tip that Bradley was selling marijuana from AHI's property and requested from AHI consent to search its property. Bradley asserts that this tip was false and that his consent to search was never sought. On December 9, 1998, Defendants Patricia Lopez and Darrick Shaw, police officers with the City of Tucumcari, came to AHI and searched the warehouse and van

used exclusively by Bradley.  Shaw had a dog sniff Bradley's desk and the dog "alerted" on the desk.  Without Bradley's consent or a search warrant, Shaw searched Bradley's desk drawer, but found nothing.  During the search, Bradley attempted to leave and go home, but Lopez refused to allow him to leave.  After the search, Shaw told Bradley's employer and wrote in his police report that there had been marijuana or another controlled substance in Bradley's desk.  Subsequently, AHI terminated Bradley's employment.

In Counts I and II of the Complaint, Bradley charges Shaw and Lopez with searching his desk and van and detaining him in violation of the Fourth Amendment.  In Count III, Bradley brings a claim of slander and defamation against Shaw for stating to AHI and in his police report that Bradley's desk had previously contained controlled substances.  Count IV states a claim for wrongful termination against AHI for terminating Bradley in violation of written and implied employment contracts.  Bradley seeks compensatory damages and costs.

Bradley now seeks to amend his complaint to add additional factual allegations and legal claims, which Bradley asserts are based on previously unknown information found during discovery.  Bradley's proposed Amended Complaint alleges that AHI acted with or used the Tucumcari Police Department to deprive Bradley of his Fourth and Fourteenth Amendment rights.  Specifically, the Amended Complaint claims that Elsie Alexander, an AHI supervisor, and other AHI employees started and encouraged rumors that Bradley was a drug dealer and manufacturer. Alexander, through her brother, Leroy Prieto, who was a Tucumcari Police dispatcher, relayed that Bradley was dealing drugs from his workplace – information which Bradley contends was knowingly false.  Further, Bradley appealed AHI's regional manager's denial of Bradley's requested vacation time.  The regional manager retaliated against Bradley for

his appeal, including using the Tucumcari Police Department to harass and defame plaintiff.

In Count I of the proposed Amended Complaint, Bradley expands his Fourth Amendment unreasonable search claim, bringing it against AHI as well as Lopez and Shaw.  Count III is a new claim against all three Defendants for infringing on Bradley's Fourteenth Amendment interest in his reputation as a person who does not use or sell controlled substances.  The Amended Complaint seeks to bring the slander and defamation claims against all three Defendants instead of only against Shaw.  Count VI is a new claim of prima facie tort against AHI and Count VII alleges that AHI engaged in a civil conspiracy with the Tucumcari Police Department by falsely reporting that Bradley was selling drugs.  Bradley's Amended Complaint seeks punitive damages for the first time.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of court after a responsive pleading is served and provides that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  The decision to grant leave to amend a complaint lies within the sound discretion of the trial court. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998).  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing cases).

## DISCUSSION

Bradley asserts amendment is proper because the new allegations and causes of actions are based on newly obtained evidence.  At the time Bradley filed his Complaint, Lopez stated that she

received anonymous tips that Bradley was selling marijuana from AHI, but did not state who told her this. During the course of discovery, Bradley discovered that one of the tips was communicated from Alexander to her brother, Prieto, and then from Prieto to Lopez. Bradley states that AHI tried to conceal this information and that he filed his motion as soon as he could.

When Bradley obtained this information is relevant to whether his motion is timely. Lopez indicated in an answer to an interrogatory that one of the tips about Bradley came from an AHI employee. Bradley does not state when he received this answer though based on it he drafted an amended complaint which he circulated to counsel on February 21, 2000. Bradley relies heavily on a letter dated March 13, 2000 from AHI counsel opposing the amendment and stating, based on Lopez' affidavit, that Lopez did not receive a tip from an AHI employee, but rather that someone other than an AHI employee told her that AHI was receiving complaints about Bradley engaging in suspicious behavior. Bradley asserts that because of this letter he delayed filing his motion to amend until the end of discovery.[1] However, shortly after the letter was sent, on March 16, 2000, Prieto testified at his deposition that Alexander told him that patients advised her that they believed Bradley was selling drugs from AHI. This provided the explanation about who communicated the tip about Bradley to Lopez. Bradley states that AHI employees subsequently admitted having talked with the Tucumcari Police Department, but does not specify which employees or what they allegedly said. Similarly, Bradley states that his motion is based on the testimony of Lance Windell, but Bradley does not explain what Windell testified as to or how it is relevant. Nor does Bradley attach a copy of Windell's deposition.

All three defendants oppose the amendment. For their part, Lopez and Shaw correctly

---

[1] In fact, the motion to amend was filed more than a month after the close of discovery.

4

state that Bradley's motion is silent as to any justification for the new allegations and causes of action against them. The Amended Complaint makes the following changes as to the claims against Lopez and Shaw: it adds a Fourteenth Amendment claim against them, brings the defamation and slander claim against Lopez, and seeks punitive damages. Lopez and Shaw argue that these changes are untimely, would prejudice them, and are futile. In support of their untimeliness argument, Lopez and Shaw point out that the Amended Complaint does not add new factual allegations against them upon which the new claims are based. Rather, Bradley seeks to bring new claims against Lopez and Shaw based on the same factual allegations, almost nine months after filing his Complaint and after discovery has been closed. Fashioning new claims based on the same facts without any justification for the delay does not warrant leave to amend a complaint. The Tenth Circuit upheld a denial of leave to amend a complaint when the leave was sought eight months after the original complaint was filed and was based on the same factual allegations without explanation. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Because Bradley has failed to offer any reason justifying his amendment as to Lopez and Shaw at this late date and because of the prejudice that would result from having to defend against new claims, the Court will not allow Bradley to amend his complaint to add new causes of action against Lopez and Shaw.

Next, the Court turns to the new claims Bradley seeks to bring against AHI. While the Complaint stated one cause of action against AHI for breach of employment contract, the Amended Complaint brings six counts against AHI: deprivation of Fourth Amendment right to be free of unreasonable searches, deprivation of Fourteenth Amendment right, slander and defamation, breach of contract now premised on the duty to perform in good faith and with fair

dealing, prima facie tort, and civil conspiracy.  AHI argues that these amendments should not be allowed because they are untimely, would prejudice AHI, and are futile.  Accepting Bradley's assertion that he did not learn until March 16 that Prieto passed on Alexander's concerns that Bradley was dealing drugs to Lopez, AHI asserts that Bradley still waited until May 31, 2000 to file his motion to amend the complaint.  In support of its prejudice argument, AHI asserts that because discovery has been completed and motions for summary judgment already filed, it would have to reopen all these efforts if the amendment is allowed.  Third, AHI argues that allowing each of the new claims would be futile.

The Court finds AHI's arguments persuasive.  Though amendment is supposed to be liberally permitted, Bradley gives no justification for waiting as long as he did to seek leave to amend.  On March 16, 2000, Prieto testified in his deposition that Alexander told him a patient had expressed concerns that Bradley was dealing drugs from the AHI building.  On April 18, 2000, AHI supplemented its interrogatory responses to state that Alexander had called Prieto, a Tucumcari Police Department dispatcher, to report a patient's daughter's concerns that drugs were being sold from the AHI Tucumcari warehouse.  Despite this information, Bradley waited until May 31, 2000 to amend his complaint – more than one month after discovery had closed in the case.  Bradley offers no explanation for this delay.  Unexplained untimeliness is sufficient to deny leave to amend a complaint.  *Pallottino*. 31 F.3d at 1027 ("We have often found untimeliness alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'") (quoting *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).  Further, as with Lopez and Shaw, AHI argues that it would have to reopen discovery and reformulate its defense based on the almost entirely new case stated

against AHI in the Amended Complaint.

While the Court liberally allows amendment where warranted, Plaintiff in this case has failed to explain seeking to add numerous causes of action well after the discovery cutoff and the motions deadline have passed where the new evidence to which Plaintiff points was known two and a half months before he sought to amend and where some of the claims are not even based on the new evidence. Under these circumstances, amendment will not be allowed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint **[Doc. No. 33]** is hereby **denied**.

**DATED** this 25th day of August, 2000.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE


Attorneys for Plaintiff:
Joseph Kennedy and Shannon Oliver

Attorney for Defendants Lopez and Shaw:
M. Clea Gutterson

Attorney for Defendant American Home Patient, Inc.
Charles J. Vigil and Jeffrey Lowry